United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| STEPHANIE RITCHEY *et al.* § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:24-CV-23 |
| § | |
| TANAGER LOGISTICS, LLC *et al.* § | |

# ORDER

Plaintiffs Stephanie and Robby Ritchey have moved for remand in this personal injury dispute, arguing that Defendants have failed to establish federal question jurisdiction (Dkt. No. 11). Having considered the arguments, record, and applicable authorities, the Court **GRANTS** Plaintiffs' motion (Dkt. No. 11) and **REMANDS** this case to the 406th Judicial District Court for Webb County, Texas. Plaintiffs have persuasively shown that no federal question underpins this action.

## I.  FACTUAL BACKGROUND

This suit arises out of a motor vehicle accident that occurred on April 27, 2023 (Dkt. No. 1-2 at 7–8). Plaintiff Stephanie Ritchey and her eight-year-old son, B.R., were traveling northbound on Highway 35 from Austin, Texas to Pilot Point, Texas after a field trip to the Texas State Capitol (*id.* at 7). Traveling southbound at the same time was Defendant Martin Monreal-Alvarado, driving Defendant RTD Carriers, Inc.'s freightliner and towing Defendant DG Rodriguez Express, Inc.'s trailer (*id.*). The trailer contained Defendant H-E-B, L.P.'s products, originating from Defendant Niagara Bottling, L.L.C.'s Dallas, Texas facility (*id.*).

1

While in transit, the tractor allegedly overheated from poor maintenance, causing the wheel bearings to melt, and setting loose a hub and set of dual tires on the highway (*id.*). Despite Plaintiff Stephanie Ritchey's attempt to swerve to safety, the hub and dual tires crashed into her vehicle, killing her son on impact (*id.* at 7–8).

About two months after the accident, on June 21, 2023, Plaintiffs Stephanie Ritchey and Robby Ritchey, her husband and B.R.'s father, sued Defendants Alvarado, RTD Carriers, and DG Rodriguez for negligence and gross negligence in the 406th Judicial District Court for Webb County, Texas (Dkt. Nos. 1-2; 1-3 at 1; 11 at 10). Six-and-a-half months later, they amended their petition to add H-E-B, Niagara, and Tanager Logistics as defendants, bringing negligence and gross negligence claims against them as well (Dkt. Nos. 1-2; 11 at 10). Plaintiffs alleged Tanager was the federally licensed freight broker who negligently selected the driver and motor carrier for the shipment of goods here (Dkt. No. 1-2 at 15–16).

Tanager then removed this action to federal court, arguing that the Court can exercise federal question jurisdiction here because (1) the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501, preempts Plaintiffs' state law claims, and (2) Plaintiffs' state law claims raise significant federal issues (Dkt. No. 1 at 2–4). Plaintiffs moved for remand (Dkt. No. 12), Tanager responded (Dkt. No. 13), and Plaintiffs replied (Dkt. No. 14), all timely.

## II.   LEGAL STANDARDS

**A. Removal**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists, and (2) the removal procedure provided by 28 U.S.C. § 1446 is properly followed. Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt about the propriety of removal is resolved in favor of remand. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Walters v. Grow Grp., Inc.*, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

**B. Federal Question Jurisdiction & Well-Pleaded Complaints**

Under 28 U.S.C. § 1331, federal courts exercise subject matter jurisdiction over all claims "arising under" federal law. "Generally, a case arises under federal law only where a federal question is presented on the face of a well-pleaded complaint, that is, a complaint that asserts the plaintiff's right to recovery based on federal law." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022) (citations omitted). The well-pleaded complaint rule precludes a defendant from removing an action to federal court unless the plaintiff pleaded a federal question on the face of his complaint. *See Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022); *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("It

is not sufficient for the federal question to be raised in the answer or in the petition for removal.").

## III. ANALYSIS

Plaintiffs argue that removal was improper because the Court lacks subject matter jurisdiction over their state law claims (Dkt. No. 11 at 10–13). Tanager counters that jurisdiction is proper because (1) the FAAAA completely preempts Plaintiffs' state law claims, and (2) Plaintiffs' state law claims raise substantial federal issues under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) (Dkt. No. 12 at 2). Both of Tanager's arguments are unavailing.

### A. Complete Preemption

"One exception to the well-pleaded complaint rule is complete preemption." *Gerred v. FedEx Ground Packaging Sys., Inc.*, No. 4:21-CV-1026-P, 2021 WL 4398033, at *2 (N.D. Tex. Sept. 23, 2021) (citation omitted). Complete preemption occurs when the federal statute "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008) (internal quotation marks omitted). To establish complete preemption, a defendant must show that: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear congressional intent that the federal cause of action be exclusive." *Mitchell v.*

*Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022) (internal quotation marks and citation omitted).

Complete preemption is not to be confused with "defensive preemption (i.e., 'conflict preemption' or 'ordinary preemption')," which "does not create federal jurisdiction and simply 'declares the primacy of federal law, regardless of the forum or the claim.'" *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (quoting *Barrois*, 533 F.3d at 331). Thus, "as a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption."[1] *Id.*

The relevant statute here is the FAAAA. Congress passed the FAAAA in 1994 to deregulate the trucking industry and avoid "a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *See Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 372 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)). Congress then enacted the Interstate Commerce Commission Termination Act ("ICCTA") in 1995, which amended the FAAAA by recodifying former 49 U.S.C. § 11501(h) as 49 U.S.C. § 14501(c). *See* 29 A.L.R. Fed. 2d 563 § 2.

Two provisions of the FAAAA are central to this dispute—49 U.S.C. §§ 14501(b) and (c)(1):

- Section 14501(b)(1) provides that no state may "enact or enforce any law, rule, regulation, standard, or other provision having the force and effect

---

[1] "In fact, the United States Supreme Court has found complete preemption only three times." *Gerred*, 2021 WL 4398033, at *2 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 11 (2003)) (complete preemption found only under the Labor Management Relations Act, the Employee Retirement Income Security Act, and, in *Anderson*, the National Bank Act)).

5

- of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b)(1).

- Section 14501(c)(1) provides that no state may "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).[2]

These provisions "limit state authority to regulate prices, routes, and services of motor carriers, freight forwarders, and brokers." *Torres v. Minnaar*, No. 4:23-CV-486-SDJ, 2024 WL 778383, at *4 (E.D. Tex. Feb. 26, 2024).

Whether the FAAAA *completely* preempts state law claims is unclear. The Fifth Circuit has not decided this issue. But it has evaluated the scope of the Airline Deregulation Act's preemption provision, which the FAAAA's preemption provisions follow closely. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334 (5th Cir. 1995); *see also Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 252 (2013) (noting that § 14501(c)(1) tracks the ADA's preemption provision with one alteration).

In *Hodges*, a plaintiff injured during a flight brought a state law negligence claim against an airline to recover for her injuries and related medical expenses.

---

[2] Also of note is the FAAAA's "safety exception," 49 U.S.C. § 14501(c)(2)(A), which states that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." In *Miller v. C.H. Robinson Worldwide, Inc.*, the Ninth Circuit found that a negligent hiring claim against a broker was sufficiently "related to" the broker's services to trigger preemption under the FAAAA. 976 F.3d 1016, 1020, 1026 (9th Cir. 2020). But the safety exception saved the claim from preemption because states have traditionally exercised the power to "regulate safety through common-law tort claims" like negligent hiring. *See id.* at 1026–27. While Tanager relies on *Miller* to argue that negligence claims are preempted from a defensive standpoint, defensive preemption is not the same as complete preemption. *Elam*, 635 F.3d at 803 (noting that defensive preemption does not create federal jurisdiction) (citation omitted). Although the two may appear to be similar concepts, for the Court to exercise subject matter jurisdiction here, the FAAAA must completely preempt Plaintiffs' state law claims. *See id.*

6

44 F.3d at 335. The Fifth Circuit determined that the ADA did not completely preempt the plaintiff's claims because nothing in the statute's text or legislative history indicated that Congress "intended to displace the application of state tort law to personal physical injury inflicted by aircraft operations." *Id.* at 338. Moreover, "[t]his silence takes on added significance in light of Congress's failure to provide any federal remedy for persons injured by such conduct" because "[i]t is difficult to believe that Congress would, without comment, remove all means of judicial recourse." *Id.* Because the FAAAA's preemptive language parallels the ADA's, courts have treated *Hodges* as persuasive authority in FAAAA cases as well. *See, e.g.*, *Finley v. Dyer*, 2018 WL 5284616, at *4 (N.D. Miss. 2018) ("Insofar as the '[t]he FAAAA's preemption provision is in pertinent part identical to the preemption provision of the ADA and is generally construed in pari materia,' the Court deems this authority extremely persuasive, if not binding." (citation omitted)); *Dnow, L.P. v. Paladin Freight Sols., Inc.*, No. 4:17-CV-3369, 2018 WL 398235, at *4 (S.D. Tex. Jan. 12, 2018) (similarities between preemption provisions in ADA and FAAAA meant *Hodges* was "tantamount to binding authority" in FAAAA case).

Tanager argues that *Hodges* is distinguishable from the case at bar because "[a]irlines are akin to motor carriers, not brokers," as brokers do not provide transportation services themselves (Dkt. No. 12 at 8). While this point is well taken, the complete preemption inquiry turns on whether Congress provided a federal cause of action "that both replaces and protects the analogous area of state law." *Mitchell*, 28 F.4th at 585 (citation omitted). Like the ADA, the FAAAA does not provide a

federal remedy for individuals injured by negligent conduct. *See Torres*, 2024 WL 778383, at *4; *accord Gulf Winds Int'l Inc. v. Almanzar*, No. 4:20-CV-04136, 2021 WL 4481340, at *4 (S.D. Tex. Sept. 29, 2021) (noting that § 14501 does not contain any cause of action). Because § 14501 does not contain a replacement cause of action for negligent conduct, there is "an exceptionally strong presumption against complete preemption." *See Lyles v. Wren*, No. 2:23-CV-00051-JM, 2023 WL 3318695, at *2, *4 (E.D. Ark. May 9, 2023) (citation omitted).

Tanager attempts to overcome this presumption by directing the Court to cases from the Western District of Texas, Seventh Circuit, and Eleventh Circuit, which allegedly demonstrate that the FAAAA completely preempts Plaintiffs' state law claims (Dkt. No. 12 at 19–25) (citing *Gillum v. High Standard, LLC*, No. 19-cv-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020); *Zamorano v. Zyna LLC*, No. 20-cv-151-XR, 2020 WL 2316061 (W.D. Tex. May 11, 2020); *Derouen v. Swan Transp. Servs., Ltd.*, No. 1:23-cv-193-LY, ECF No. 6 (W.D. Tex. Mar. 21, 2023); *Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453 (7th Cir. 2023), *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023)). All these cases are distinguishable and unpersuasive.[3]

---

[3] On June 5, 2024, Tanager filed an advisory addressing a recent Eastern District of Texas decision that purportedly shows that the Court can properly exercise subject matter jurisdiction over Plaintiffs' state law claims (Dkt. No. 15 (citing *Hamby v. Wilson*, No. 6:23-cv-249-JDK, 2024 WL 2303850 (E.D. Tex. May 21, 2024)). While Tanager contends that *Hamby* addressed the "same issue" presented here (*id.* at 1), this is not so. As Tanager notes, *Hamby* "recognized the FAAAA *expressly* preempts claims for negligent brokering" (*id.* at 2 (emphasis added) (citing *Hamby*, 2024 WL 2303850, at *4)). But the threshold inquiry for subject matter jurisdiction is complete preemption, which *Hamby* did not address. As discussed above, complete preemption is not to be confused with "defensive preemption (i.e., 'conflict preemption' or 'ordinary preemption')," which "does not create federal jurisdiction and simply 'declares the primacy of federal law, regardless of the forum or the claim.'" *Elam*, 635 F.3d at 803 (citation omitted).

8

1. *Western District of Texas*

Tanager argues that the Court should follow some unpublished decisions from the Western District of Texas in holding that the FAAAA completely preempts state law claims (Dkt. No. 12 at 19).[4] *See Gillum*, 2020 WL 444371, at *6; *Zamorano*, 2020 WL 2316061, at *1 n.1, *4–5 (citing *Gillum*, 2020 WL 444371, at *2, *5). In *Gillum*, an accident victim sued a freight broker for negligently hiring a motor carrier involved in the accident. 2020 WL 444371, at *1. Defendants removed the case and plaintiff moved to remand, which the court denied on the grounds that the FAAAA completely preempted plaintiff's state law claims. *Id.* at *6.

But the line of cases which the court in *Gillum* found most persuasive examined ordinary preemption in the motion to dismiss context rather than complete preemption as a basis for subject matter jurisdiction, muddling the two standards. *See id.* at *5 (collecting cases); *see also Malone v. Russell*, No. 3:23-CV-0001-S, 2023 WL 3854265, at *3 (N.D. Tex. June 6, 2023) (citation omitted) (discussing how *Gillum* did not cite the Fifth Circuit's complete preemption standard and "instead appeared to evaluate ordinary preemption"); *accord Gregg v. Rodriguez*, No. 23-cv-1031, 2023 WL 4053590, at *4 (D. Kan. June 16, 2023) ("While the court in *Gillum* discussed the complete preemption doctrine, the court's decision was based on an ordinary preemption analysis and courts have declined to find the decision persuasive on that

---

[4] The Western District is split as to whether the FAAAA completely preempts state law claims. *Compare Gillum*, 2020 WL 444371, *with Ubaldo v. F&A Border Transp., LLC*, No. EP-24-CV-47-KC, 2024 WL 1904545, at *6 (W.D. Tex. May 1, 2024) (rejecting defendant broker's argument that FAAAA completely preempted plaintiff's state law negligence claims and remanding case for lack of subject matter jurisdiction).

9

basis."); *Est. of Wray v. Kennedy Bros. Logistics, Inc.*, No. 22-cv-70, 2022 WL 16550315, at *4 (E.D.N.C. Oct. 31, 2022) ("*Gillum*'s analysis . . . fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis."). Because *Gillum* did not properly analyze complete preemption, the Court declines to follow its reasoning here.

The remaining two Western District cases Tanager points to are unpersuasive along the same lines (*see* Dkt. No. 12 at 3 (citing *Zamorano*, 2020 WL 2316061; and *Derouen*, No. 23-cv-193-LY)). *Zamorano* adopted *Gillum*'s reasoning and thus the case "suffers from the same flaw." 2020 WL 2316061, at *4–5 (citing *Gillum*, 2020 WL 444371, at *5); *Ubaldo*, 2024 WL 1904545, at *4. The court in *Derouen* granted the defendant's motion to dismiss where the defendant asserted ordinary preemption as an affirmative defense and the plaintiffs failed to respond. No. 1:23-cv-193-LY, ECF No. 6. Thus, these cases are inapposite and do not help Tanager carry its burden of establishing federal jurisdiction. *See Ubaldo*, 2024 WL 1904545, at *4 (noting same).

### 2. *Seventh Circuit*

Tanager also relies upon *Ye*, a Seventh Circuit case, in arguing that the FAAAA completely preempts Plaintiffs' state law negligence claims (*see* Dkt. No. 12 at 2, 23–24). However, in *Ye*, the Seventh Circuit did not address whether the FAAAA provides a federal cause of action necessary for complete preemption and, by extension, federal jurisdiction. *See* 74 F.4th 453; *Mitchell*, 28 F.4th at 585. In *Ye*, a motorcyclist's surviving spouse sued a freight broker for negligently hiring a motor carrier whose truck collided with and killed the motorcyclist. *Id.* at 455–56. The

10

broker moved to dismiss the negligent hiring claim, arguing that the FAAAA preempted the claim. *Id.* The district court granted dismissal, and on appeal the Seventh Circuit affirmed because the negligent hiring claim fell within § 14501(c)(1)'s express prohibition on enforcing state laws related to broker services for transporting property. *Id.* at 458.

Unlike here, the Seventh Circuit in *Ye* reviewed defensive preemption in the motion to dismiss context. *Id.* at 456 ("The district court granted the motion [to dismiss] as to [the plaintiff's] negligent hiring claim, finding the claim to be barred by the [FAAAA]."). Thus, *Ye* is also unavailing as regards complete preemption and the threshold issue: whether the Court has jurisdiction to hear this case. *See Torres*, 2024 WL 778383, at *4 n.2 (considering *Ye* "inapposite" because it addressed defensive preemption, not the complete preemption doctrine).

### 3. *Eleventh Circuit*

Tanager's reliance on *Aspen*, an Eleventh Circuit case, is likewise misplaced (*see* Dkt. No. 12 at 21–24). In *Aspen*, the Eleventh Circuit did not consider whether the FAAAA completely preempted state law claims. *See* 65 F.4th at 1266 n.1 ("Because we have federal jurisdiction in this case because of the parties' diverse citizenship, we take no position on whether the FAAAA satisfies the standard for complete preemption."). Thus, *Aspen* does not persuade the Court that federal jurisdiction is proper here under the complete preemption doctrine.

In sum, Tanager has failed to establish that the FAAAA completely preempts Plaintiffs' claims—therefore, the Court cannot exercise subject matter jurisdiction on this basis.

**B. *Grable* Doctrine**

Tanager also argues that Plaintiffs' state law claims raise a substantial federal question, thereby creating federal question jurisdiction under *Grable* (*see* Dkt. No. 12 at 11–19). *See* 545 U.S. at 312 (citation omitted). *Grable* applies to a "special and small category" of cases where:

(1) Resolving a federal issue is necessary to resolution of the state-law claim;

(2) The federal issue is actually disputed;

(3) The federal issue is substantial; and

(4) Federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020). "The type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some component of federal law." *Mitchell*, 28 F.4th at 588 (citation omitted). "Like most federal question doctrines, *Grable* is applied in the shadow of the well-pleaded complaint rule," so "the court looks to the face of a plaintiff's well-pleaded complaint to determine whether the issues it raises implicate *Grable*." *Id.* (citations omitted).

Here, Tanager argues that Plaintiffs' negligence claims implicate *Grable* for the following reasons:

(1) Plaintiffs' right to relief requires resolution of a federal issue, i.e., "the standard of care for a federally-authorized freight broker under the FAAAA."

(2) The federal issue is actually disputed because "every single Federal

12

> Circuit Court addressing this issue has found that state law negligence claims against freight brokers are preempted. . ."
>
> (3) The federal issue is substantial because allowing negligence claims against freight brokers to proceed would "undermine Congress's deregulation efforts" and result in a "patchwork of 50 different rules, regulations and standards for freight brokers."
>
> (4) The federal issue can be resolved without disrupting the federal and state balance approved by Congress because "the states' authority to regulate broker's services has been preempted."

(Dkt. Nos. 1 at 3; 12 at 13–18).

As to the first *Grable* prong, Tanager argues that 49 C.F.R. § 371.2(a) establishes the controlling standard of care (Dkt. No. 12 at 10, 17). Section 371.2(a) defines a broker as "a person who, for compensation, arranges, or offers to arrange, the transportation of property by an authorized motor carrier." 49 C.F.R. § 371.2(a). Tanager argues that there is no breach because, as required, it selected an authorized motor carrier, Defendant RTD Carriers, to handle the shipment (Dkt. No. 12 at 17). But Plaintiffs' negligence claims against Tanager draw from state law, rather than any breach of § 371.2(a) (*see* Dkt. No. 1-2 at 13–14). Thus, even assuming, without finding, that the definition in § 371.2(a) forms a federal standard of care, this would be a defensive issue rather than a federal question lying in the shadow of Plaintiffs' well-pleaded complaint.

Tanager also rehashes many of its complete preemption points in its *Grable* analysis, citing the split of authority discussed above to argue that there is a genuine federal dispute (*see* Dkt. No. 12 at 14–15 (citations omitted)). Although Tanager calls this split "the heart of the dispute" (*id.* at 15), no element of Plaintiffs' claims, whether

13

found on the face of the complaint or in its shadow, relies on a determination of the FAAAA's express preemption provision. *See Lyles*, 2023 WL 3318695, at *4 (declining to exercise *Grable* jurisdiction because "no elements of Plaintiff's [negligence] claims rely on a determination of the FAAAA's express preemption provision"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis omitted). Therefore, Tanager has failed to establish that the Court can exercise *Grable* jurisdiction over Plaintiffs' claims.

## IV.   CONCLUSION

For the reasons explained above, Tanager has not met its burden of showing that the Court can exercise federal question jurisdiction here. Since any doubt about the propriety of removal must be resolved in favor of remand, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' state law claims against Tanager. As the other Defendants have not put forward any other basis for removal, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against them. *See* 28 U.S.C. § 1367(c)(3). Plaintiffs' motion to remand (Dkt. No. 11) is **GRANTED** and this case is **REMANDED** to the 406th Judicial District Court for Webb County, Texas. Because the Court lacks jurisdiction, it will not address the remaining motion to dismiss (Dkt. No. 2). The Clerk of Court is **DIRECTED** to mail a certified copy of this Order to the Clerk of the 406th Judicial District Court for Webb County, Texas, as required by 28 U.S.C. § 1447.

It is so **ORDERED**.

**SIGNED** June 6, 2024.

                                            Marina Garcia Marmolejo
                                            United States District Judge